NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DERRICK D. ELLIS, Petitioner, v. ADMINISTRATOR HAUCK, et al., Respondents.

Civil Action No. 07-3812 (PGS)

**OPINION**

**APPEARANCES:**

Petitioner pro se
Derrick D. Ellis
New Jersey State Prison
168 Frontage Road
Newark, NJ 07114

**SHERIDAN**, District Judge

This matter is before the Court on Petitioner Derrick D. Ellis's Petition for habeas corpus relief under 28 U.S.C. § 2254 and the accompanying application for leave to proceed in forma pauperis.[1] For reasons discussed below, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

---

[1] Based upon Petitioner's affidavit of indigence, this Court will grant Petitioner's application for leave to proceed in forma pauperis.

## I. BACKGROUND

This background statement is taken from the allegations contained in the Petition, and the attachments thereto, and is accepted as true for purposes of this Opinion.

Petitioner was convicted of Robbery and Aggravated Assault and served a portion of the 39-year term of imprisonment to which he was sentenced. In 2006, Petitioner was granted a parole release. Later, in June 2006, a parole violator warrant was issued and Petitioner was taken into custody in July 2006. A parole violation hearing was conducted on September 7, 2006, pursuant to which the Hearing Officer recommended the revocation of Petitioner's parole.

On October 4, 2006, an Adult Panel of the New Jersey State Parole Board adopted the recommendation of the Hearing Officer and revoked Petitioner's parole, imposing a future eligibility term of nine months. In December, 2006, the Adult Panel imposed a future eligibility term of 12 months. On January 31, 2007, the New Jersey State Parole Board denied Petitioner's request for reconsideration of the parole revocation. Petitioner's notes on the copy of the decision attached to the Petition indicate that it was received on February 10, 2007.

Petitioner states that he did not appeal this decision to the New Jersey courts with jurisdiction because:

> The time it takes to be heard would cause immediate danger of irreparable harm by having to serve more

> prison time than the law requires, loss of proper medical care from my doctors, social security disability exams and damage to my persons liberty interest to have a normal life style. I request Emergency Relief to correct this issue immediately!

(Petition, ¶ 11.E.)

Petitioner states that he was in the middle stage of the parole process, with a projected parole date of September 11, 2007, until he requested that certain work credits be awarded to reduce his maximum release date, and stated that he was going to pursue his challenge to the parole revocation in court, at which time he states that the New Jersey State Parole Board stopped his parole plans.

On August 1, 2007, this Court received the instant petition. In it, Petitioner alleges that there were procedural deficiencies in the parole revocation process and that there is insufficient evidence to sustain the findings that he violated parole. These appear to be the same claims presented to the New Jersey State Parole Board in Petitioner's administrative appeal.

## II. ANALYSIS

### A. Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

B. The Exhaustion Requirement

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in

the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Here, state law provides administrative and judicial review processes applicable to Petitioner's claims. Specifically, any denial of parole by an Adult Panel is appealable to the Parole Board, provided certain conditions are met. N.J.A.C. 10:71-4.2. In addition, New Jersey law provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5, para. 4; Trantino v. New Jersey State Parole Board, 166 N.J. 113, 172 (N.J.), modified on other grounds, 167 N.J. 619 (2001), and under the New Jersey Court Rule 2:2-3(a)(2). This exclusive procedure encompasses appeals from "inaction as well as action of a State administrative agency." Trantino v. New Jersey State Parole Board, 296 N.J. Super. 437, 459-460 (App. Div. 1997), modified on other grounds and affirmed, 154 N.J. 19 (1998). See also Petrucelli v. Department of Civil Service, 28 N.J. Super. 572, 575 (App. Div. 1953).

Moreover, if a New Jersey agency fails or declines to consider an administrative appeal from a decision of a lower agency official, the decision sought to be appealed is deemed the agency's final decision for purposes of any subsequent appeal to

the state appellate courts. See, e.g., New Jersey State Parole Board v. Cestari, 224 N.J. Super. 534, 542 n.2 (App. Div.), certif. denied, 111 N.J. 649 (1988).

Here, Petitioner pursued his administrative appeal remedies but failed to pursue the judicial review remedies available to him under New Jersey law. He alleges that available state processes are ineffective to protect his right to review because of the time involved. The Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts alledly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Petitioner's conclusory allegation that the time it would take to appeal this matter through the New Jersey appellate courts is not sufficient to establish that the procedures available in the state courts are ineffective to protect his right to review. This Court is not prepared to assume that the courts of the State of New Jersey would not act expeditiously on Petitioner's appeal. In particular, this Court is unwilling to credit Petitioner's challenge to the timeliness of the New Jersey appellate process in view of the fact that it appears that Petitioner made no effort to appeal between the time he received the decision of the Parole Board, in February 2007, and the time he prepared this Petition, which is dated July 4, 2007.

As a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Petitioner's unexhausted claims. District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989.

## III. CONCLUSION

For the foregoing reasons, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state court remedies. An appropriate Order follows.

Peter G. Sheridan
United States District Judge

Dated: 9/4/07