NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DERRICK D. ELLIS,                   :
                                                      Civil Action No. 07-3812 (PGS)
        Petitioner,         :

        v.                  :   **OPINION**

ADMINISTRATOR HAUCK, et al.,        :

        Respondents.        :

APPEARANCES:

Petitioner <u>pro se</u>
Derrick D. Ellis
New Jersey State Prison
168 Frontage Road
Newark, NJ 07114


**SHERIDAN**, District Judge

    This matter is before the Court on Petitioner Derrick D. Ellis's Petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the Petition must be dismissed without prejudice for failure to exhaust state remedies.

I.    BACKGROUND

    This background statement is taken from the allegations contained in the Petition, and the attachments thereto, and is accepted as true for purposes of this Opinion.

    Petitioner was convicted of Robbery and Aggravated Assault and served a portion of the 39-year term of imprisonment to which

he was sentenced. In 2006, Petitioner was granted a parole release. Later, in June 2006, a parole violator warrant was issued and Petitioner was taken into custody in July 2006. A parole violation hearing was conducted on September 7, 2006, pursuant to which the Hearing Officer recommended the revocation of Petitioner's parole.

On October 4, 2006, an Adult Panel of the New Jersey State Parole Board adopted the recommendation of the Hearing Officer and revoked Petitioner's parole, imposing a future eligibility term of nine months. In December, 2006, the Adult Panel imposed a future eligibility term of 12 months. On January 31, 2007, the New Jersey State Parole Board denied Petitioner's request for reconsideration of the parole revocation. Petitioner's notes on the copy of the decision attached to the Petition indicate that it was received on February 10, 2007.

Petitioner states that he did not appeal this decision to the New Jersey courts with jurisdiction because:

> The time it takes to be heard would cause immediate danger of irreparable harm by having to serve more prison time than the law requires, loss of proper medical care from my doctors, social security disability exams and damage to my persons liberty interest to have a normal life style. I request Emergency Relief to correct this issue immediately!

(Petition, ¶ 11.E.)

Petitioner states that he was in the middle stage of the parole process, with a projected parole date of September 11,

2

2007, until he requested that certain work credits be awarded to reduce his maximum release date, and stated that he was going to pursue his challenge to the parole revocation in court, at which time he states that the New Jersey State Parole Board stopped his parole plans.

This Petitioner was received by the Court on August 1, 2007. In it, Petitioner alleges that there were procedural deficiencies in the parole revocation process and that there is insufficient evidence to sustain the findings that he violated parole. These appear to be the same claims presented to the New Jersey State Parole Board in Petitioner's administrative appeal.

By Opinion and Order [3, 4] entered September 5, 2007, this Court ordered Petitioner to show cause why the Petition should not be dismissed for failure to exhaust state remedies. Petitioner has filed his Response [5] and this matter is now ready for disposition.

## II.   ANALYSIS

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

3

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in

4

order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Here, state law provides administrative and judicial review processes applicable to Petitioner's claims.  Specifically, any denial of parole by an Adult Panel is appealable to the Parole Board, provided certain conditions are met.  N.J. Admin. Code Title 10 Sec. 71-4.2.  In addition, New Jersey law provides an

5

absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5, para. 4; Trantino v. New Jersey State Parole Board, 166 N.J. 113, 172 (N.J.), modified on other grounds, 167 N.J. 619 (2001), and under the New Jersey Court Rules, Pressler, Current New Jersey Court Rules, Rule 2:2-3(a)(2) (2001). This exclusive procedure encompasses appeals from "inaction as well as action of a State administrative agency." Trantino v. New Jersey State Parole Board, 296 N.J. Super. 437, 459-460 (App. Div. 1997), modified on other grounds and affirmed, 154 N.J. 19 (1998); Johnson v. State Parole Board, 131 N.J. Super. 513, 517-18 (App. Div. 1974), certif. denied, 67 N.J. 94 (1975). See also Petrucelli v. Department of Civil Service, 28 N.J. Super. 572, 575 (App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause appropriately before the [agency].").

Moreover, if a New Jersey agency fails or declines to consider an administrative appeal from a decision of a lower agency official, the decision sought to be appealed is deemed the agency's final decision for purposes of any subsequent appeal to the state appellate courts. See, e.g., New Jersey State Parole

Board v. Cestari, 224 N.J. Super. 534, 542 n.2 (App. Div.), certif. denied, 111 N.J. 649 (1988) (where the full Parole Board declines to consider an administrative appeal from an Adult Panel of the Board, "the decision of the Adult Panel is the final decision of the agency").

The Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts alledly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, Petitioner pursued his administrative appeal remedies but has not exhausted the judicial review remedies available to him under New Jersey law. In his response to this Court's Order to show cause, Petitioner states that he has filed an appeal to

7

the Superior Court, Appellate Division, that remains pending. Nevertheless, he continues to contend that his state judicial remedies are "ineffective" because of the time it takes to obtain a decision. Contrary to this bald statement of the untimeliness of the state judicial review procedures, however, Petitioner attaches to his response an Order of the Appellate Division, dated August 6, 2007, granting his motion to accelerate the appeal. (Response, Ex. 8.) Thus, it appears that the Appellate Division recognizes the time-sensitive nature of Petitioner's appeal and has advised Petitioner that it will accelerate the appeal. Under these circumstances, it cannot be said that the state procedures are "in effect, unavailable."

The Petition must be dismissed without prejudice for failure to exhaust state remedies. This Court expresses no opinion as to the merits of Petitioner's claims.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims

8

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court was correct in its ruling that the Petition must be dismissed without prejudice for failure to exhaust state remedies. No certificate of appealability shall issue.

IV. CONCLUSION

For the foregoing reasons, the Petition will be dismissed without prejudice for failure to exhaust state remedies. An appropriate Order follows.

_____
Peter G. Sheridan
United States District Judge

Dated: October 2, 2007